FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

2013 AUG -1  P 3: 50

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| RENEE SMITH<br>MARY CONNER<br>SHERREE GUNTER<br>JOYCE VICK<br><br>Plaintiff,<br><br>v.<br><br>DOMINION LAW ASSOCIATES, P.L.L.C.<br><br>SERVE: William A. Lascara<br>Registered Agent<br>Pender & Coward<br>Town Center<br>222 Central Park Ave.<br>Virginia Beach, VA 23462<br><br>LVNV FUNDING, LLC<br><br>SERVE: The Corporation Trust, Inc.<br>300 E. Lombard Street<br>Baltimore, MD 21202<br><br>Defendants. | CIVIL ACTION NO.<br><br>3:13 cv 508<br>JRS |

## COMPLAINT

COME NOW the Plaintiffs, Mary Conner, Sherree Gunter, Renee Smith, and Joyce Vick, by counsel, and as for their Complaint against the Defendants, they allege as follows:

1.     This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA").

## JURISDICTION

2.     Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiffs are each a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint was a "consumer" as that term is defined by the FDCPA.

4.      Dominion Law Associates, P.L.L.C., ("DLA" or "Defendant"), is a professional limited liability company debt collection law firm with offices in Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this Complaint, DLA was a "debt collector" as that term is defined by the FDCPA.

5.      Defendant LVNV Funding, LLC, ("LVNV"), is a South Carolina limited liability company with its headquarters and principal place of business located in Greenville, South Carolina. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this Complaint, LVNV was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

6.      On April 19, 2012, Defendant DLA was informed that Consumer Litigation Associates, P.C. represented the Plaintiffs in all debt collection matters.

7.      The Defendants contend that Plaintiffs each incurred one or more financial obligations that were primarily for personal, family or household purposes.

8.      These alleged debts were consigned, placed or otherwise transferred to Defendant DLA for collection from the Plaintiffs.

### Plaintiff Smith

9.      Despite its knowledge that Consumer Litigation Associates, P.C. represented Plaintiff Smith in connection with all debt collection matters, Defendant DLA communicated or

2

attempted to communicate with her directly in an effort to collect a debt, including, but not limited to, mailing a letters to Plaintiff Smith on October 1, 2012, October 2, 2012, November 6, 2012, December 11, 2012, January 10, 2013, January 28, 2013, February 28, 2013, April 8, 2013, and May 10, 2013.

10.     Defendant LVNV purportedly owned one or more of the debts that Defendant DLA listed in its letters to Plaintiff Smith. Upon information and belief, when Defendant DLA sent these letters to Plaintiff Smith, it was acting at the direction of Defendant LVNV.

11.     Additionally, Defendant DLA, acting at the direction of LVNV, placed numerous telephone calls to Plaintiff Smith in attempt to collect one or more debts despite having knowledge that Consumer Litigation Associates, P.C. represented her with respect to debt collection matters.

12.     Further, on behalf of Defendant LVNV, on April 8, 2013, Defendant DLA mailed a letter to Plaintiff Smith with an enclosed Warrant in Debt that it claimed to have filed for Defendant LVNV against her in Henrico County General District Court with a court return date of May 10, 2013.

13.     This Warrant in Debt was never filed with the court.

14.     Instead, the Defendants misrepresented that this Warrant in Debt was filed with the Henrico County General District Court in an attempt to coerce Plaintiff Smith to make a payment.

15.     On May 10, 2013, the Defendants then sent Plaintiff Smith a letter in which they purposely perpetuated their misrepresentation that a lawsuit had been filed against Plaintiff Smith.

3

16.     The May 10, 2013 letter contained a caption of "LVNV Funding, LLC. vs. Renee Smith". At the time this letter was sent, there was no case filed against Plaintiff Smith for this debt.

17.     The letter further stated that Plaintiff Smith's court date in Henrico General District Court set for May 10, 2013 had been changed to September 9, 2013.

18.     In reality, there was no lawsuit filed against Plaintiff Smith until on or around June 25, 2013 with a return date set for September 13, 2013.

19.     Thus, the Defendants misrepresented to Plaintiff Smith that a lawsuit had been filed against her when this was untrue. The Defendants also misrepresented the return date to the Plaintiff.

20.     Additionally, Defendants filed this lawsuit against Plaintiff Smith in Henrico County General District Court. However, Plaintiff resides in the City of Richmond. The filing of that lawsuit therefore violated 15 U.S.C. §1692i(a).

### Plaintiff Conner

21.     Despite its knowledge that Consumer Litigation Associates, P.C. represented Plaintiff Conner in connection with all debt collection matters, Defendant DLA communicated or attempted to communicate with her directly in an effort to collect a debt, including, but not limited to, mailing letters to Plaintiff Conner on October 1, 2012, October 17, 2012, and November 20, 2012.

22.     Defendant LVNV purportedly owned one or more of the debts that Defendant DLA listed in its letters to Plaintiff Conner. Upon information and belief, when Defendant DLA sent these letters to Plaintiff Conner, it was acting at the direction of Defendant LVNV.

4

**Plaintiff Gunter**

23.     Despite its knowledge that Consumer Litigation Associates, P.C. represented Plaintiff Gunter in connection with all debt collection matters, Defendant DLA communicated or attempted to communicate with her directly in an effort to collect a debt, including, but not limited to, mailing a letter to Plaintiff Gunter on August 3, 2012.

**Plaintiff Vick**

24.     Despite its knowledge that Consumer Litigation Associates, P.C. represented Plaintiff Vick in connection with all debt collection matters, Defendant DLA communicated or attempted to communicate with her directly in an effort to collect a debt, including, but not limited to, mailing a letter to Plaintiff Vick on May 24, 2013.

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. § 1692c**
**Claim against Defendant DLA by All Plaintiffs**

25.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

26.     Defendant DLA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c by its actions, which include, but are not limited to, communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

27.     As a result of the actions taken by Defendant DLA, which include, but are not limited to, contacting the Plaintiffs after it received notice that Consumer Litigation Associates P.C. represented them with respect to all debt collection matters, the Plaintiffs have incurred actual damages.

28.    Plaintiffs are therefore entitled to an award of actual and statutory damages against Defendant DLA, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1692c
**Claim against Defendant LVNV by Plaintiffs Conner and Smith Only**

29.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

30.    Defendant LVNV violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c by its actions, which include, but are not limited to, communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

31.    As a result of the actions taken by Defendant LVNV, which include, but are not limited to, contacting the Plaintiffs Conner and Smith after notice that Consumer Litigation Associates P.C. represented them with respect to all debt collection matters, they have incurred actual damages.

32.    Plaintiffs Connor and Smith are therefore entitled to an award of actual and statutory damages against Defendant LVNV, as well as their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
### VIOLATION OF 15 U.S.C. § 1692e
**Claim Against the Defendants by Plaintiff Smith Only**

33.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by their actions, which include, but are not limited to, misrepresenting the character, amount, or legal status of a debt.

35. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(9) by their actions, which include, but are not limited to, the use or distribution of a written communication which simulated or was falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

36. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include, but are not limited to, the use of a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

37. As a result of the actions taken by Defendant LVNV, Plaintiff has incurred actual damages.

38. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k

## COUNT FOUR:
### VIOLATION OF 15 U.S.C. § 1692i
### Claim Against the Defendants by Plaintiff Smith Only

39. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i by its actions, which include, but are not limited to, bringing a legal action on a debt against Plaintiff in an improper venue.

7

41.     As a result of the actions taken by the Defendants, which include bringing a legal action on a debt in an improper venue, Plaintiff has incurred actual damages.

42.     Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**RENEE SMITH**
**MARY CONNER**
**SHERREE GUNTER**
**JOYCE VICK**

By_____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:     (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

8